## Telford School District Petition

*William M. Power* and *Elvin R. Souder*, for petitioner.

SATTERTHWAITE, J., June 10, 1960.—The School District of the Borough of Telford has filed a petition in this court under section 602(b) of The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, as added by the Act of May 17, 1957, P. L. 150, and amended by the Act of September 8, 1959, P. L. 825, 72 PS §5453.602, by which permission is sought to levy 1960-61 real estate taxes within said district for school purposes at the rate of 34 mills. Such leave is alleged to be necessary, since the total amount of taxes so levied on that portion of the assessed real estate in the district which is within the County of Bucks would exceed 110 percent of the amount levied for the fiscal year 1959-60 on the same premises, and, hence, would be in excess of that which may be levied without leave of court in the first year

under the permanent reassessment system now installed in Bucks County as required by section 306 of said Fourth to Eighth Class County Assessment Law, as amended.

Because of the peculiar geographic situation of the Telford Borough School District, we believe that the assessment authorities of Bucks County, and, hence, this court, have no jurisdiction in the matter and that the petition must be dismissed without decision on the merits.

The Borough of Telford, and, hence, petitioner school district, lies astride the line dividing the Counties of Bucks and Montgomery with territory in each. The present borough was created by letters patent issued by the Governor on January 11, 1935, upon the consolidation according to law of the Borough of Telford, Bucks County, and the Borough of West Telford, Montgomery County. At the time of such consolidation, as well as presently, the majority of the inhabitants of the consolidated borough resided within Montgomery County.

In 1923, the legislature established, by supplement to the General Borough Act of 1915, a system of local government for territory in one county annexed by a borough of another county: Act of June 28, 1923, P. L. 903. This statutory scheme was extended in 1937 by amendment to situations such as herein presented where boroughs located in different counties have been consolidated: Act of June 4, 1937, P. L. 1613. Sections 2 and 3 of said Act of 1923, as amended in 1937, 53 PS §§49102, 49103, specifically relate to real property tax assessments.

Section 2, *pertaining only to assessments for county and poor [institution district] tax purposes*, provides that the same shall be made by the authority which would have made the assessment had the land not been

annexed to or consolidated with the borough. In other words, for county tax purposes the annexation or consolidation is to be ignored.

By way of extreme contrast, however, section 3 provides, in pertinent part, as follows:

"Section 3. Assessment for Borough and School Purposes.

"The authorities within the county wherein is situated the borough to which such land has been annexed, now or hereafter having authority to make the assessments on which the borough and school taxes are levied, *or in case of a consolidated borough, such authorities in the county in which a majority of the inhabitants of the borough resided at the time of such consolidation,* shall also assess the taxable property within the territory which is situated in one county and has been annexed to a borough *or consolidated with a borough of larger population* which is situated in an adjoining county, and shall record the same in a separate book. This assessment shall be made by the authority which would have assessed this land had it been in the same county as the borough to which it is annexed *or with which it is consolidated. . . .*" (Italics represent 1937 amendments.)

The obvious intent of this and similar legislation (see e.g. the Act of May 7, 1927, P. L. 853, 53 PS §49118, and various provisions of the Borough Code, as codified and reënacted by the Act of July 10, 1947, P. L. 1621, as amended, such as sections 221, 406, 420, 427, 53 PS §§45221, 45406, 45420, 45427) is to permit many, if not substantially all, phases of local municipal government to be applicable and administered equally and impartially throughout the whole territory of the borough and school district and in complete disregard of potential complications created by a county line crossing the same, while at the same time preserv-

ing intact the geographic areas of counties for all solely county purposes. See Patton v. Lawrence County Commissioners, 13 D. & C. 2d 248, and Ellwood Country Club License, 67 D. & C. 323, where the Acts of 1923 and 1937, above mentioned, were applied in other connections with these purposes in view.

The Acts of 1923 and 1937 have never expressly been repealed, and we are not aware of any legislation which would have the effect of repeal by implication, at least so far as they are presently applicable. Section 103 of The General County Assessment Law of May 22, 1933, P. L. 853, 72 PS §5020.103, and section 105 of its successor, The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.105, both expressly exclude, and specifically negative the repeal of, inter alia, laws relating to boroughs unless particularly referred to therein. The only mention of the general subject is the substantially identical reënactment of the scheme of sections 2 and 3 of the original Act of 1923, supra, relating to assessments for county purposes and for borough and school purposes, respectively, where territory in one county is annexed to a borough in another, by sections 420 and 421 of the General County Assessment Law of 1933, 72 PS §5020.420, 421, and sections 613 and 614 of The Fourth to Eighth Class County Assessment Law of 1943, 72 PS §§5453.613, 5453.614.

Certainly, if legislative authority can be found therefor, real estate assessments for borough and school tax purposes should be accomplished by considerations applicable on a borough-wide basis and uninfluenced by differing assessment laws and techniques arising out of circumstances such as are presented in this case where one part of the municipality is included within a third class county whereas the other is in a fifth class county. The assessments made

by each respectively are not only under different statutes and by different officials, but also at different ratios of assessed to actual value. The opportunity for inequity between taxpayers in different parts of the borough is apparent.

We conclude that the Act of 1937, supra, is still in effect and that its application to the Borough of Telford and its coterminous school district requires that assessments for boroughs and school purposes be made by the appropriate authorities of Montgomery County, that The Fourth to Eighth Class County Assessment Law has no application for such purposes, and that, therefore, no authority, or even occasion, for the instant petition to this court is presented.

### Order

And now, June 10, 1960, for the reasons stated in the foregoing opinion, the within petition is hereby dismissed.